1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT

8    CENTRAL DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| R.R., III, R.R., and R.R., minors, by and through their guardian ad litem, LONIE PATIÑO, in each case individually and as successors in interest to Decedent Richard Rodriguez, II; GLORIA RODRIGUEZ, individually and as successor in interest to Decedent Richard Rodriguez II; RICHARD RODRIGUEZ, individually, and MARIA RODRIGUEZ, individually, | Case No. CV 14-1430 CAS (FFMx) |
| | **[PROPOSED]** PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION |
| Plaintiffs, | |
| vs. | |
| CITY OF BANNING and DOES 1-10, inclusive, | |
| Defendants. | |

WHEREAS counsel for the parties have discussed the anticipated production

of documents and materials relating to an interaction between the Decedent

Richard Rodriguez, II and members of the City of Banning Police Department, and

these documents and materials pertain to investigation conducted by the Riverside

County Sheriff's Department in this matter, which Defendants believe might

contain information of a privileged, confidential, private or sensitive nature, and

the public dissemination of which Defendants believe jeopardize compelling

interests in preserving the integrity of the Banning Police Department's

investigations (hereinafter "Confidential Information").  And, whereas this

1

"Confidential Information" is currently, in the possession of the Defendant City of Banning ("City"), Defendants through their counsel of record, have agreed to produce certain "Confidential Information" in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

1.     The City of Banning may designate as  "Confidential Information" in this matter documents pertaining to internal and criminal police investigations conducted by the Riverside Sheriff's Department and the Banning Police Department as well as any complaints against police officers and adjudication thereof and statements of witnesses pertaining to such complaints, which Defendant City contends of witnesses pertaining to such complaints, which Defendant City contends contain information of a privileged, confidential, private or sensitive nature, and the public  dissemination of which Defendant City contends would jeopardize compelling interests in preserving the integrity of the Banning Police Department's internal and criminal investigations, both by assuring that even self-incriminating officer statements can be compelled and by facilitating accurate and thorough self-critical investigations by the Banning Police Department without the fear of having information used against the officers in criminal prosecutions, by affixing to such document or writing a legend,  such as "Confidential,"  "Confidential Documents,"  "Confidential Material," "Subject to Protective Order" or words of similar effect.  The category of documents and other tangible things so designated shall be treated in accordance with the terms of this stipulation. The protections conferred by this Stipulation and Order do not cover the following information (a) any information that is in the public domain after its disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Part as result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information know to the Receiving Party prior to the disclosure or

obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under obligation of confidentiality to the Designating Party.

2.   "Confidential Information" may be used by the persons receiving such information only for the purpose of this litigation.

3.   Subject to the further conditions imposed by this stipulation, "Confidential Information" may be disclosed only to the following persons:

(a)   Counsel of record for the parties to this civil litigation;

(b)   Parties to this civil litigation;

(c)   Attorneys, paralegals, law clerks**,** stenographic, clerical and secretarial personnel who are employed or contracted with the offices of counsel referred to in subparagraph (a);

(d)   Expert witnesses/consultants consulted and/or retained for this action; and

(e)   The judge and court personnel, including stenographic reporters; and

(f)   Witnesses in the action, preparation for or during deposition or trail testimony, provided

4.   Prior to the disclosure of any "Confidential Information" to any person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such "Confidential Information" shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said "Confidential Information" sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person has received and read a copy of the Stipulation and understands that s/he is bound by the terms of the Stipulation.

/ / /

/ / /

5.      Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review.  Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel.  If an issue arises regarding a purported unauthorized disclosure of the "Confidential Information", upon noticed motion of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed material(s), in camera with the Court having jurisdiction of the Stipulation.

6.   The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of any City Defendant, or any other current or former employee of the Banning Police Department, shall be subject to this Order.  In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, the "Confidential Information," and all testimony involving information derived from the "Confidential Information," shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Information" portions of the materials described above shall be provided  to any persons other than those persons identified in paragraph 3.  Nothing in this agreement is intended to limit the rights of third parties to obtain such "Confidential Information" through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the "Confidential Information".

7.  If any "Confidential Information," or testimony derived therefrom, occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity, in

any manner, including orally, any statements made by City Defendants, or any other current or former employee of the Banning Police Department during the "Confidential" sections of said depositions.

8.      Upon the final termination of this litigation, including any appeal pertaining thereto, all "Confidential Information" and all copies thereof shall be returned to the Defendants, except as to Court personnel.  All "Confidential Information" disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants attorneys of record, Ferguson, Praet and Sherman, Attention: Peter J. Ferguson.

9.      If any party who receives "Confidential Information" receives a subpoena or other request seeking "Confidential Information", he, she or it shall immediately give written notice to the Defendants' counsel, identifying the "Confidential Information" sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of "Confidential Information", which obligation shall be borne by the Defendants.  However, in no event should production or disclosure be made without written notice to Defendants' counsel unless required by court order after serving written notice to defendants' counsel.

10.      Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to "Confidential Information" shall be filed and maintained under seal, after written application to the Court made. If the Court approves the application to file the documents under seal,  the original and judge's copy of the document shall be sealed in separate envelopes with a title page affixed

1  to the outside of each envelope. No sealed or confidential record of the Court

2  maintained by the Clerk shall be disclosed except upon written order of the Court.

3       11.   Any pleadings, motions, briefs, declarations, stipulations,

4  exhibits or other written submissions to the Court in this litigation which contain,

5  reflect, incorporate or refer to Confidential Information shall be filed and

6  accompanied by an application pursuant to Local Rule 79-5.1, to file the papers –

7  or the confidential portion(s) thereof – – under seal.  Such application shall be

8  directed to the judge to whom the papers are directed.  Pending the ruling on the

9  application, the papers or portions thereof subject to the sealing application shall be

10  lodged under seal.

11       12.   Nothing herein shall prejudice any party's rights to object to the

12  introduction of any "Confidential Information" into evidence, on grounds

13  including but not limited to relevance and privilege.

14       13.   Any violation of this Order may be punished by any and all

15  appropriate measures including, without limitation, contempt proceedings and/or

16  monetary sanctions.

17       14.   Any procedures specified above in this Protective Order are in

18  addition to, and not in lieu of, compliance with the local rules regarding discovery

19  motions.

20       15.   Disclosing parties retain the right to disclose or release the

21  "Confidential Information" outside the terms of this stipulation, but acknowledge

22  that doing so may result in a waiver of the confidentiality of the "Confidential

23  Information."

24       16.   This Protective Order survives settlement, trial and/or appeal.

25

26  DATED:  October 17, 2014       /S/ FREDERICK F. MUMM
                                  Honorable Frederick F. Mumm
27                                United States Magistrate Judge

28

6