UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:14-cv-01430-CAS(FFMx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | R.R. III, ET AL. V. CITY OF BANNING ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS): PLAINTIFF/COUNTER-DEFENDANT GLORIA RODRIGUEZ'S NOTICE OF MOTION AND MOTION TO DISMISS EVERETT BABCOCK'S COUNTER-CLAIM (Dkt. 31, filed Jan. 2, 2015)

## I. INTRODUCTION

The present action arises out of the death of Richard Rodriguez II ("decedent"), who was shot and killed by Officer Everett Babcock ("Officer Babcock"), a peace officer for the City of Banning, California, on October 26, 2013. On July 11, 2014, plaintiffs R.R. III, R.R., R.R., minors, through their guardian *ad litem*, Lonie Patino, plaintiff Gloria Rodriguez, in her individual capacity and as successor in interest to decedent, Richard Rodriguez, and Maria Rodriguez (collectively, "plaintiffs") filed suit against the City of Banning and Does 1-10. Dkt. 1. On November 13, 2014, plaintiffs filed the operative first amended complaint ("FAC"), adding Officer Babcock as a named defendant. Dkt. 21. The FAC asserts the following claims: (1) unreasonable search and seizure – detention and arrest, in violation of 42 U.S.C. § 1983; (2) unreasonable search and seizure – excessive force, in violation of 42 U.S.C. § 1983; (3) unreasonable search and seizure – denial of medical care, in violation of 42 U.S.C. § 1983; (4) interference with familial relationship, in violation of 42 U.S.C. § 1983; (5) municipal liability – ratification, in violation of 42 U.S.C. § 1983; (6) municipal liability – inadequate training, in violation of 42 U.S.C. § 1983; (7) municipal liability – unconstitutional custom, practice, or policy, in violation of 42 U.S.C. § 1983; (8) false arrest/false imprisonment; (9) battery (wrongful death); (10) negligence (wrongful death); and (11) violation of the Bane Act, Cal. Civil Code § 52.1. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-01430-CAS(FFMx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | R.R. III, ET AL. V. CITY OF BANNING ET AL. | | |

On December 12, 2014, defendant/counter-claimant Officer Babcock filed an answer to plaintiffs' FAC, dkt. 27, and also filed a counterclaim ("CC") against plaintiff/counter-defendant Gloria Rodriguez in her capacity as successor in interest to decedent, dkt. 28. Officer Babcock asserts the following counterclaims: (1) assault; (2) battery; (3) negligence; (4) negligence *per se*; (5) contribution and indemnification; and (6) comparative liability. Dkt. 28.

On January 2, 2015, plaintiff/counter-defendant Rodriguez filed the instant motion to dismiss defendant/counter-claimant Officer Babcock's counterclaims. Dkt. 31. Officer Babcock opposed the motion on January 15, 2015, and Rodriguez did not file a reply.[1] The Court held a hearing on February 9, 2015. At that time, defendant/counter-claimant Officer Babcock requested leave to file supplemental briefing regarding the statute of limitations. The Court granted Officer Babcock's request. The Court is in receipt of the parties' supplemental briefing. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiffs allege that, on October 16, 2013, at approximately 6:30 p.m., Officer Babcock responded to a call regarding a man knocking on motel room doors at the Holiday Inn Express located in Banning, California. FAC ¶ 34. When Officer Babcock arrived at the motel, he approached decedent in an elevator and attempted to search him. Id. Decedent subsequently ran from Officer Babcock, who gave chase and tackled decedent to the ground. Id. Plaintiffs allege that Officer Babcock discharged his firearm twice while he was on top of decedent, and that decedent sustained one fatal gunshot

---

[1] Officer Babcock asserts that Rodriguez filed the instant motion without meeting and conferring as required by Local Rule 7-3, and requests that the Court exercise its discretion to decline to consider Rodriguez's motion. Opp'n Mot. Dismiss at 2. Counsel for Rodriguez concedes that they were "admittedly unsuccessful in their albeit late attempts to meet and confer on this issue pursuant to Local Rule 7-3, in part due to the holiday schedule." Mot. Dismiss at 2. The Court declines to dismiss Rodriguez's motion on this basis. However, the parties are admonished to comply with the local rules in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:14-cv-01430-CAS(FFMx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | R.R. III, ET AL. V. CITY OF BANNING ET AL. | | |

wound to the head. Id. Decedent subsequently died at the scene of the incident. Id. ¶ 35.

In his counterclaim, Officer Babcock alleges that he was summoned to the Holiday Inn Express by the motel clerk and, when he arrived ten minutes later, the clerk described decedent as the individual who was knocking on motel room doors. CC ¶ 6. The clerk directed Officer Babcock to decedent's location, and Officer Babcock attempted to initiate a pat down search. Id. ¶ 7. Decedent then ran from Officer Babcock, who chased decedent down a hallway. Id. ¶ 8. Officer Babcock alleges that, as they neared the end of the hallway, decedent pulled a firearm from his waistband, and in response, Officer Babcock "instinctively grabbed [decedent] to tackle him to the ground and a struggle ensued." Id. ¶ 9. Officer Babcock alleges that decedent struggled to twist his body to point the firearm at Officer Babcock while exclaiming, "I got a gun. Let go. I don't want to do this to you." Id. ¶ 10. Officer Babcock asserts that he feared for his life, discharged his firearm twice, and the struggle ended. Id. ¶ 11.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir.1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:14-cv-01430-CAS(FFMx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | R.R. III, ET AL. V. CITY OF BANNING ET AL. | | |

United States Secret Service, 572 F.3d 962, 969 (9th Cir.2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal ); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir.1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir.1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir.1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed.R.Civ.P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986).

## IV.   DISCUSSION

Rodriguez contends that Officer Babcock's counterclaims are barred by the one year statute of limitations set forth in California Code of Civil Procedure section 366.2, which governs causes of actions against deceased individuals. Mot. Dismiss at 3. In opposition, Officer Babcock asserts that the filing of a complaint against him by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-01430-CAS(FFMx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | R.R. III, ET AL. V. CITY OF BANNING ET AL. | | |

Rodriguez tolled the statute of limitations, rendering his counter-claims timely. Opp'n Mot. Dismiss at 3.

    In pertinent part, Cal. Code of Civ. Pro. § 366.2 provides:

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

Cal. Civ. Proc. Code § 366.2(a) recognized as preempted on other grounds by Hemphill v. Estate of Ryscamp, 619 F. Supp. 2d 954 (E.D. Cal. 2008) (discussing ERISA's preemption clause).

    In Bradley v. Breen, a victim of child molestation filed a personal injury suit against two individual defendants, whom the victim alleged had aided and abetted his molestation. 73 Cal. App. 4th 798, 800 (1999). The perpetrator had died in prison four years prior to the commencement of the victim's action, and defendants cross-complained against the perpetrator's estate for, inter alia, indemnification. Id. In turn, the estate filed a demurrer to the cross-complaint, asserting that the claim was barred by section 366.2. Id. at 800-01. Affirming the trial court's decision, the court agreed with the estate, finding that section 366.2 rendered the claim untimely, "despite the ordinary rule that an indemnity action does not accrue for statute of limitations purposes until a tort defendant pays a judgment or settlement for which that defendant is entitled to indemnity." Id. at 800. In so holding, the court explained:

> Section 366.2 refers without qualification or restriction to "an action" on a liability of the decedent, whether arising in contract, tort, or otherwise. Except with respect to the requirement of one final judgment, an action on a cross-complaint is considered a separate action in which the original defendant is the plaintiff. [Citation.]. When the Legislature intends to draw a distinction for statute of limitations purposes between direct actions, including direct actions for indemnity, and cross-complaints for indemnity, it has done so explicitly. [Citations]. The Legislature made no such

Case 5:14-cv-01430-CAS-FFM   Document 38   Filed 03/02/15   Page 6 of 8   Page ID #:255

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 5:14-cv-01430-CAS(FFMx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | R.R. III, ET AL. V. CITY OF BANNING ET AL. | | |

>   distinction in section 366.2, and a court construing a statute is not authorized to insert qualifying provisions or exceptions not included by the Legislature or to rewrite the statute to conform to some assumed intention that does not appear from its language. [Citations.].

Id. at 803-04 (internal citations and quotations omitted).

Where courts have found section 366.2 inapplicable to claims brought more than a year following a decedent's death, they have drawn a distinction between claims arising from a wrongful act occurring at or before the time of death, and claims arising from a wrongful act occurring after the time of death. See, e.g., Dacey v. Taraday, 196 Cal. App. 4th 962, 986 (2011) (holding that section 366.2 did not apply where breach of contract occurred after decedent's death, "[s]ince [plaintiff] had no cause of action against [decedent] at the time of his death"); Estate of Yool, 151 Cal. App. 4th 867, 876-77 (2007) ("[A] cause of action that is nascent but not complete [before the decedent's death] will survive [section 366.2], such that a plaintiff's rights may ripen into an actionable claim after a decedent's death."). See also Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1101 (C.D. Cal. 2009) ("Even claims which did not accrue until after a decedent's death are barred by the one year requirement in section 366.2, so long as the wrongful act has occurred." (citing Bradley, 73 Cal. App. 4th at 804-05)).

Here, decedent died on October 26, 2013, and all of Officer Babcock's counterclaims arise from acts allegedly committed by decedent on that date. It follows that the statute of limitations on Officer Babcock's claims began running on October 26, 2013, and expired approximately one year later on October 26, 2014. Because Officer Babcock did not file his counterclaims until December 14, 2014, the Court concludes that Officer Babcock's claims are time-barred.

Officer Babcock resists this conclusion, directing the Court to Trindade v. Superior Court, 29 Cal. App. 3d 857 (1973). In Trindade, the court explained that the filing of a timely complaint operates to toll the statute of limitations on otherwise untimely cross-complaints. Id. at 860. Although the personal injury claims at issue in Trindade did not involve posthumous claims, the Trindade court relied on Schirmer v. Lyback, 193 Cal. App. 2d 807, 814 (1961), where the Court of Appeal concluded that the timely filing of a complaint alleging wrongful death tolled the statute of limitations with respect to a belatedly filed cross-complaint arising from the same incident.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:14-cv-01430-CAS(FFMx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | R.R. III, ET AL. V. CITY OF BANNING ET AL. | | |

Officer Babcock's reliance on Trindade, and by necessary implication, Schirmer, is misplaced, since the relevant statute of limitations has been amended significantly since those cases were decided in 1973 and 1961, respectively.  Indeed, as explained in Bradley, the California Legislature established the one year statute of limitations embodied in current section 366.2 in the 1990s, in conjunction with an overhaul of the state's probate code.  73 Cal. App. 4th at 801-804 (examining legislative history of section 366.2, including 1996 amendments).  Moreover, the plain language of section 336.2 provides that the statute may only be tolled under specific circumstances, none of which are present here.  See, e.g., Cal. Civ. Proc. Code § 366.2 (b)(2) (providing for tolling pursuant to Division 7 of the Probate Code).

In his supplemental briefing, Officer Babcock contends that Trinidade nonetheless controls, since the subsequent amendments to section 366.2 have "no effect on the doctrine of relation-back."  Supp. Brief. at 5.  To support this proposition, he directs the Court to City of Oakland v. Hassey, 163 Cal. App. 4th 1477, 1495, 78 (2008)—a case that does not mention, let alone interpret, section 366.2.

Officer Babcock further contends that Rodriguez is equitably estopped from asserting a statute of limitations defense.  Supp. Brief. at 3.  California courts recognize that the doctrine of equitable estoppel may be applied to toll section 366.2 "when the decedent's representative has induced a claimant not to file a suit within the limitations period of section 366.2."  Bradley, 73 Cal. App. 4th at 803.  Here, Officer Babcock asserts that equitable estoppel applies because, on September 12, 2014—more than one month prior to the expiration of the one year limitations period set forth in section 366.2—the parties entered into a stipulation continuing Officer Babcock's time to respond to the original complaint by sixty days.  Supp. Brief. at 3.  According to Officer Babcock, by entering into this stipulation, plaintiffs thereby induced him not to file suit within the one year limitations period.  Id. at 4.

Officer Babcock's equitable estoppel argument is without merit.  To succeed on a theory of equitable estoppel, a party "must . . . plead facts indicating that the [opposing party's] conduct directly prevented [him] from filing suit on time."  Lauter, 642 F. Supp. 2d at 1101 (citing Lantzy v. Centex Homes, 31 Cal. 4th 363, 385 (2003)).  "A mere denial of liability, rather than a misrepresentation bearing on the necessity of bringing a timely suit, is insufficient to establish an estoppel to assert the statute of limitations."  Id. (citing 31 Cal. 4th at 384, n.18)).  Here, Officer Babcock's counterclaim does not allege

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:14-cv-01430-CAS(FFMx) | Date | March 2, 2015 |
| Title | R.R. III, ET AL. V. CITY OF BANNING ET AL. | | |

that, in signing the September 12, 2014 stipulation, Rodriguez made a "misrepresentation bearing on the necessity of bringing a timely suit." See Lauter 642 F. Supp. 2d at 1104 (finding allegations that defendant "represented in [a] General Mutual Release that she would not pursue criminal charges against plaintiff, and plaintiff refrained from pursuing civil litigation against her based upon such representation" sufficient to support equitable estoppel on malicious prosecution claim); Battuello v. Battuello, 64 Cal. App. 4th 842, 848 (1998) (concluding that decedent's representative was estopped from relying on section 366.2 where plaintiff alleged that he refrained from filing suit against decedent's estate because "during settlement negotiations . . . , [decedent's representative] convinced [plaintiff] not to file a timely suit by telling him that he would receive the [property at issue]."). Indeed, nothing in the stipulation indicates that it is intended to toll the statute of limitations on Officer Babcock's counterclaim, nor that plaintiffs would refrain from raising the statute of limitations as a bar to any potential counterclaims. See dkt. 17.[2]

Accordingly, the Court concludes that Officer Babcock's counterclaims are barred by section 366.2 and thus fail as a matter of law.[3] In light of this, the Court GRANTS with prejudice Rodriguez's motion to dismiss Officer Babcock's counterclaim in its entirety.

**V.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS with prejudice plaintiff/counter-defendant Rodriguez's motion to dismiss defendant/counter-claimant Officer Babcock's counterclaim in its entirety.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] Although, at argument, counsel for Officer Babcock indicated that the stipulation operated as a tolling agreement, the language of the stipulation belies this assertion.

[3] Because the counterclaim is time-barred, the Court need not reach the parties' merits arguments.